### Holt and others *vs.* Ross, President of the Merchants' Union Express Company.

L. & Co. drew a draft on the plaintiffs, to the order of F. and sent it by mail, addressed to F. at St. Louis. F. never received the draft, the letter containing it having been taken from the post office by some unauthorized person. The indorsement of the name of the payee, thereon, was a forgery. The draft, with the forged indorsement, was placed by one N. in the hands of the defendants, for collection, and they presented it to the plaintiffs, who, in ignorance of the theft and forgery, paid the amount to the defendants. The latter did not notify the plaintiffs that in making the collection they were acting as agents; and the defendants, before any demand upon them by the plaintiffs, paid over the proceeds to N. *Held* that the case was directly within the authority of *The Canal Bank* v. *Bank of Albany,* (1 *Hill,* 287;) and that the defendants were bound to refund the money.

APPEAL from a judgment entered upon the report of a referee.

The action was brought to recover back from the defendant the amount paid the defendant's company upon a certain draft or bill of exchange drawn on the plaintiffs, by their authority, on the 15th day of January, 1867, by the firm of Lamb, Quinlan & Co. of New Orleans, to whom the plaintiffs were indebted, for $771.45, the amount of such indebtedness, payable to the order of one T. D. Ford, of St. Louis, Mo.; which draft or bill of exchange was forwarded by mail to said T. D. Ford, at St. Louis, Mo., and the letter containing the same was taken from the post office in St. Louis by some person other than the payee thereof; and thereafter the said draft was indorsed "Thomas D. Ford; pay to the bearer, Edward Duffy," by some person other than the payee thereof, and by a person who was not authorized to sign the name of the said payee, and who had no right or interest in said draft, or authority to receive, indorse or dispose of the same. Said draft was subsequently, and previous to the 29th day of January, 1867, delivered to the said defendant, the Merchants' Union Express Company, at Boston, for collection, by one A. W. R. Newton, and was transmitted in the

usual course of the business of said company, for collection, and presented to said plaintiffs for acceptance, and paid by them on the 29th day of January, 1867. Said express company being organized for the transaction of business usually transacted by express companies, among which was the collection of drafts and bills of exchange; and said company, at that time, being engaged in such business, between the cities of New York and Boston. The case was tried by a referee, and submitted upon a statement of facts admitted by stipulation.

The referee reported in favor of the plaintiffs, for the amount claimed, and from the judgment entered on the report the defendants appealed.

*Rollin Tracy*, for the appellants.

*Robert Jackson*, for the respondents.

*By the Court*, CARDOZO, J. Lamb, Quinlan & Co. drew a draft on the plaintiffs, who were indebted to them, for $771.45, to the order of one T. D. Ford, and forwarded it by mail, addressed to Ford, at St. Louis. The draft never reached Ford. The letter containing it was taken from the post office by some unauthorized person, and the indorsement of the name of the payee of the draft was a forgery. The draft, with the forged indorsement, was placed by one Newton in the hands of the defendants for collection, and they presented it to the plaintiffs, who, being ignorant of the theft and forgery, paid the amount to the defendants, who did not notify them that in making the collection they were acting as agents, and the defendants, before any demand upon them by the plaintiffs, paid over the proceeds to the principal for whom they made the collection.

This statement of facts brings the case directly within the authority of *The Canal Bank* v. *Bank of Albany*, (1 *Hill*,

287.) In that case it was held that though the defendants were innocent of any intended wrong, yet they had obtained the money of the plaintiffs on an instrument to which they had no title, and they were therefore bound to refund the amount, although they had no notice of the forgery until two months after they had transmitted the money to their principal. It was also held, in that case, that the defendants, though in point of fact acting as agents, might be regarded and treated as principals, because in the transaction of presenting and collecting the draft, they had acted as if they were principals, and had not disclosed the fact that they were mere agents.

That is precisely this case, and is decisive of it.

The case of *The Canal Bank* v. *Bank of Albany*, has been repeatedly reaffirmed and approved. (*Kingston Bank* v. *Eltinge*, 40 *N. Y.* 391. *Union Bank of Troy* v. *Sixth National Bank*, 1 *Lans.* 13.)

The judgment should be affirmed, with costs.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 3, 1871. *Ingraham*, P. J., and *Cardozo*, Justice.]